UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALAN JOHNSON and STACEY URNER, individually and as husband and wife,<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>JP MORGAN CHASE BANK N.A., a foreign corporation, QUALITY LOAN SERVICE CORPORATION OF WASHINGTON, as successor trustee thereof; SELECT PORTFOLIO SERVICING INC., a foreign corporation, and all persons claiming any interest in the property described in the Deed of Trust or in the Obligation secured thereby, DOES 1-50, inclusive,<br><br>　　　　　　　　Defendants. | CASE NO. 14-5607 RJB<br><br>ORDER ON PLAINTIFFS' SECOND MOTION FOR LEAVE TO AMEND COMPLAINT AND MOTION TO CERTIFY A QUESTION |

　　　　This matter comes before the Court on Plaintiffs' Motion to Certify a Question of Local Law to the Washington State Supreme Court (Dkt. 38) and Plaintiffs' Second Motion for Leave

to Amend Complaint (Dkt. 35).  The Court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

This cases arises from a mortgage Plaintiffs took out on real property located in Gig Harbor, Washington and their various attempts at getting a loan modification.  Dkts. 1 and 26.  Plaintiffs now move to certify a question to the Washington Supreme Court (Dkt. 38) and for leave to amend their Amended Complaint (Dkt. 35).  For the reasons set forth below, Plaintiffs' Motion to Certify a Question of Local Law to the Washington State Supreme Court (Dkt. 38) should be denied.  Plaintiffs' Second Motion for Leave to Amend Complaint (Dkt. 35) should be denied as to Quality Loan Service Corporation ("Quality") and granted as to the other defendants.

## I.   FACTS

### A.  PROCEDURAL HISTORY

This case was originally filed on July 28, 2014.  Dkt. 1.  On August 20, 2014, Defendant Quality moved to dismiss the Complaint for failure to state a claim.  Dkt. 14.  Plaintiffs responded, and moved to amend their Complaint.  Dkts. 15 and 18.  Quality withdrew its motion.  Dkt. 20.  Plaintiffs' motion to amend was granted (Dkt. 23) and Plaintiffs filed an Amended Complaint (Dkt. 26). On September 29, 2014, Plaintiffs' motion for sanctions for failure to stipulate to the filing of an amended complaint was denied.  Dkt. 27.  Quality Loan's Second Motion to Dismiss was granted on October 30, 2014, and Plaintiffs were given another opportunity to file a motion to amend the Amended Complaint, if they wished.  Dkt. 33.  Plaintiffs responded with the pending motion to amend and included the proposed second amended complaint.  Dkt. 35.

### B.  RELEVANT FACTS ALLEGED IN PROPOSED SECOND AMENDED COMPLAINT

The proposed Second Amended Complaint alleges that Quality is a corporation doing business "as a nonjudicial foreclosure trustee, scheduling and conducting nonjudicial foreclosure sales." Dkt. 35-1, at 2. It alleges that on "July 24, 2014, [Quality] was appointed Trustee Successor." *Id.*, at 12. It asserts that on July 26, 2012, Plaintiffs received Quality's "Notice of Default" wherein Quality "holds itself out as a debt collector" and does not have the required state license. *Id.,* at 2. The proposed Second Amended Complaint asserts:

> At the first foreclosure mediation [JPMorgan Chase Bank, N.A. ("Chase"] [the beneficiary of the Deed of Trust] was represented by Joseph McIntosh of McCarthy Holthus (hereinafter McCarthy). [Quality] and McCarthy share the same addresses in Poulsbo and Seattle, Washington, as well as in San Diego, California. The Appointment . . . shows [Quality] shares the same address as McCarthy in Poulsbo, WA. Similarly, [Quality's] corporate disclosure shows [Quality] shares the same address in Seattle as McCarthy. The addresses for the partners of McCarthy Holthus (Kevin McCarthy and Thomas Holthus) published by the Washington Secretary of State's Corporations Division website, reveals that their addresses also match those for the president and treasurer of [Quality] respectively.

*Id.* at 12. Plaintiffs assert that "[i]t was apparent during the foreclosure mediation that Mr. McIntosh had access to the trustee's [Quality's] data as well as Chase's." *Id.,* at 13. The proposed Second Amended Complaint maintains that Quality "breached its duty as trustee to the borrower and beneficiary under RCW 61.24.010(4)." *Id.,* at 14.

In the proposed Second Amended Complaint, Plaintiffs make claims for: 1) the breach of the implied duty of good faith and fair dealing against Defendants Chase, Quality and Selection Portfolio Servicing Inc., 2) wrongful foreclosure, negligent and intentional infliction of emotional distress against Defendants Chase and Quality, 3) violation of the Washington Consumer Protection Act violations RCW 19.86, *et. seq.*, against all Defendants, 4) violation of the Washington Collection Agency Act, RCW 19.16.250, et. seq., against Defendants Chase and Quality, 5) violation of the Washington Consumer Loan Act, RCW 31.04, *et. seq.*, against

1  Defendant Chase, 6) violation of the Washington Lending and Homeownership Act, RCW

2  19.144.080, against Defendant Chase, 7) violation of the Real Estate Settlement Procedures Act,

3  12 U.S.C. § 2601, *et seq.*, against Defendant Chase, 8) violation of the Truth-in-Lending Act, 12

4  U.S.C. § 1635, *et seq.*, against Defendant Chase, and 9) violation of the Equal Credit

5  Opportunity Act, 15 U.S.C. § 1691, *et seq.*, against Defendant Chase.  Dkt. 35-1.  Plaintiffs seek

6  damages, costs, attorneys' fees and other statutory relief.  *Id.*

7  **C.  PENDING MOTIONS**

8  Plaintiff also moves to certify a question of local law to the Washington State Supreme

9  Court.  Dkt. 38.  Plaintiff now moves to amend the Amended Complaint.  Dkt. 35.

10 Quality opposes the motion to certify a question to the Washington Supreme Court.  Dkt.

11 41.  It argues that, as to Quality, Plaintiffs' proposed amendments in the Amended Complaint are

12 futile and the claims against it should be dismissed.  *Id.*

13 **D.  ORGANIZATION OF OPINION**

14 This opinion will first address the Plaintiffs' Motion to Certify a Question of Local Law

15 to the Washington State Supreme Court (Dkt. 38) and then Plaintiffs' Second Motion for Leave

16 to file an Amend Complaint (Dkt. 35).

17 **II.     DISCUSSION**

18 **A. PLAINTIFFS' MOTION TO CERTIFY**

19 Plaintiffs move to certify the following question to the Washington State Supreme Court:

20 Whether a trustee violates their duty of good faith owed equally to borrower and beneficiary under RCW 61.24.010(4),

21
   a. when the trustee is the alter ego of the law firm that also represents the
22    beneficiary in foreclosure mediation,
   b. and/or the same lawyer who represented the beneficiary in foreclosure mediation
23    also represents the trustee in litigation involving the same Deed of Trust and
      foreclosure.
24

Dkt. 38.

"Washington's Federal Court Local Law Certificate Procedure Act, Wash. Rev. Code §§ 2.60.010–900, authorizes the Washington Supreme Court to accept certified questions from federal courts." *Queen Anne Park Homeowners Ass'n v. State Farm Fire & Cas. Co.*, 763 F.3d 1232, 1235 (9th Cir. 2014). Under RCW 2.60.020, certification of a question to the Washington Supreme Court is appropriate where "it is necessary to ascertain the local law of this state in order to dispose" of a proceeding in federal court and "the local law has not been clearly determined." Further, under Washington's Rules of Appellate Procedure 16.16,

> The Supreme Court may entertain a petition to determine a question of law certified to it under the Federal Court Local Law Certificate Procedures Act if the question of state law is one which has not been clearly determined and does not involve a question determined by reference to the United States Constitution.

Plaintiff's motion to certify the above question(s) to the Washington State Supreme Court (Dkt. 38) should be denied. Plaintiffs have failed to show that "it is necessary to ascertain the local law" in order to dispose of a proceeding in federal court or that "local law has not been clearly determined." This Court is able to address Plaintiffs' questions under the RCW 61.24.010(4), and does not require the assistance of the Washington Supreme Court. Plaintiffs' motion to certify should be denied.

**B. MOTION TO AMEND**

1. <u>Standard For Motion to Amend</u>

Fed. R. Civ. P. 15(a)(1), "[a] party may amend its pleading once as a matter of course within (A) 21 days after serving it or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading . . ." Rule (a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The

1  court should freely give leave when justice so requires." A motion to amend under Rule

2  15(a)(2), "generally shall be denied only upon showing of bad faith, undue delay, futility, or

3  undue prejudice to the opposing party." *Chudacoff v. University Medical Center of Southern*

4  *Nevada,* 649 F.3d 1143 (9th Cir. 2011). Futility alone, or together with delay, is a sufficient

5  basis upon which to deny a motion for leave to amend. *Roth v. Garcia Marquez*, 942 F.2d 617,

6  628 (9th Cir. 1991).

7  It is futile to permit amendment to a complaint to add claims that are subject to dismissal on a

8  motion for summary judgment. *Roth* at 629. *See also Johnson v. American Airlines, Inc.*, 834

9  F.2d 721,724 (9th Cir. 1987)(Courts have discretion to deny leave to amend a complaint for

10 'futility,' and futility includes the inevitability of a claim's defeat on summary judgment.);

11 *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir. 1986)(Any amendment

12 would have been futile in that it could be defeated on a motion for summary judgment).

13  2. Motion to Amend as to Defendant Quality

14  To the extent that Plaintiffs seek to amend their complaint a second time regarding their

15 claims against Quality, the motion to amend (Dkt. 35) should be denied as futile and the claims

16 against Quality dismissed.

17  Plaintiffs assert claims against Quality for violation of the Deed of Trust Act and for the

18 breach of the "implied duty of good faith and fair dealing." Dkt. 35-1.

19  Plaintiffs' proposed Second Amended Complaint alleges that the same lawyer or law firm

20 (Mr. McIntosh of McCarthy & Holthus LLP) that represented Chase (the beneficiary of the deed

21 of trust) in the foreclosure mediation is now representing Quality in this action. Dkt. 35-1.

22 Plaintiffs maintain that "[i]t was apparent during the foreclosure mediation that Mr. McIntosh

23 had access to the trustee's [Quality's] data as well as Chase's." *Id.,* at 13. The proposed Second

24

1  Amended Complaint then concludes that Quality "breached its duty as trustee to the borrower
2  and beneficiary under RCW 61.24.010(4)." *Id.,* at 14.
3      Plaintiffs have again failed to state a claim for relief against Quality under either the Deed of
4  Trust Act or under a general theory of breach of the "implied duty of good faith and fair
5  dealing."
6      The Deed of Trust Act provides, in part: "[t]he trustee or successor trustee has a duty of good
7  faith to the borrower, beneficiary, and grantor." RCW 61.24.010(4). Plaintiffs fail to show that
8  the Deeds of Trust Act's requirement, that a trustee act in "good faith," was violated in the
9  circumstances alleged. Further, to the extent Plaintiffs base their claim for damages solely on a
10 violation of RCW 61.24.010(4), their claim should be dismissed. In *Frias v. Asset Foreclosure*
11 *Services, Inc.*, 181 Wn.2d 412, 429 (2014), the Washington State Supreme Court has held there
12 is no claim for damages available under the Deed of Trust Act in the absence of a completed
13 sale. The proposed Second Amended Complaint does not allege that a sale of the property was
14 completed.
15     Moreover, Plaintiffs point to no authority that using the same lawyers or law firm at different
16 points in the foreclosure process constitute a violation of a general "implied duty of good faith
17 and fair dealing."
18     Plaintiffs have not alleged sufficient facts which support any other cognizable legal theory.
19 Plaintiffs' allege Quality: (1) is a corporation doing business "as a nonjudicial foreclosure
20 trustee, scheduling and conducting nonjudicial foreclosure sales;" and (2) on "July 24, 2014,
21 [Quality] was appointed Trustee Successor." Dkt. 35-1.
22
23
24

1  Plaintiffs assert additional claims against Quality for wrongful foreclosure, negligent and

2  intentional infliction of emotional distress, and violation of the Washington Consumer Protection

3  Act, RCW 19.86, *et. seq*. Dkt. 35-1.

4  As to each of these claims, Plaintiffs appear to be conflating their claims against Chase with

5  their claims against Quality as though Quality is jointly liable for the actions of Chase because of

6  their use of the same law firm at different points in the foreclosure process.  Plaintiffs point to no

7  authority supporting this theory of liability and the Court has rejected this theory (Dkt. 33).

8  Lastly, Plaintiffs allege that on July 26, 2012, Plaintiffs received Quality's "Notice of

9  Default" wherein Quality "holds itself out as a debt collector" and does not have the required

10  state license.  Dkt. 35-1.  Plaintiffs then make a claim against Quality for violation of the

11  Washington Collection Agency Act, RCW 19.16.250, *et. seq*.  Dkt. 35-1.

12  Quality points out that the Washington Collection Agency Act exempts from its definition of

13  "collection agency," "[a]ny person whose collection activities are carried on in his, her, or its

14  true name and are confined and are directly related to the operation of a business other than that

15  of a collection agency, such as but not limited to:  Trust companies . . . ." RCW 19.16.100 (5)(c).

16  The Complaint alleges that Quality is a "nonjudicial foreclosure trustee."  Dkt. 35-1.

17  Giving the statute's language its plain meaning, which this Court is bound to do, (*Dep't of*

18  *Ecology v. Campbell & Gwinn, L.L.C.*, 146 Wash.2d 1, 9 (2002)), Quality, a trust company and

19  the trustee here, is an exempt entity from the Washington Collection Agency Act's requirements.

20  Plaintiffs' assertion, that Quality is the "trustee," but not a "trust company," is unavailing.  The

21  motion to amend as to this claim should be denied.  It is futile to permit amendment to a

22  complaint to add claims that are subject to dismissal.  *Roth* at 629.

23

24

1  Plaintiff has, for a third time, failed to state a claim against Quality.  Accordingly, leave
2  to file the proposed Second Amended Complaint appears futile.  *See Leadsinger, Inc. v. BMG*
3  *Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008).  Plaintiff's motion to amend, insofar as the
4  amendments concern Quality, should be denied, and Quality dismissed from this case.

   3.  Motion to Amend as to Other Defendants

   To the extent that Plaintiffs seek to file a Second Amended Complaint regarding other Defendants, the motion (Dkt. 35) should be granted.  There is no showing of "bad faith, undue delay, futility, or undue prejudice to the opposing party."  *Chudacoff,* at 1143.  There is no evidence of bad faith. Plaintiffs were afforded a second opportunity to amend their complaint by order of the court.  This motion is as a result. As to parties other than Quality, there is no showing that the proposed amendments are futile.  There is no showing that any of the other parties would be prejudiced by allowing this amendment.  The case is still in the early stages. Insofar as the proposed Second Amended Complaint relates to other parties, the motion to amend (Dkt. 35) should be granted.

   4.  Conclusion on Motion To Amend

   Plaintiffs' Second Motion for Leave to Amend Complaint (Dkt. 35) should be denied as to Quality and granted as to the remaining parties.  The claims against Quality should be dismissed.

### III.  ORDER

   Therefore, it is hereby **ORDERED** that:

   - Plaintiffs' Motion to Certify a Question of Local Law to the Washington State Supreme Court (Dkt. 38) **IS DENIED**;

- Plaintiffs' Second Motion for Leave to file an Amend Complaint (Dkt. 35) **IS DENIED** as to Quality Loan Service Corporation of Washington, and **IS GRANTED** as to the remaining parties; and

- The claims against Quality Loan Service Corporation of Washington **ARE DISMISSED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 15th day of December, 2014.

*[signature]*

ROBERT J. BRYAN
United States District Judge