1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
8
WESTERN DISTRICT OF WASHINGTON
9
AT TACOMA

10

| | |
|---|---|
| ALAN JOHNSON and STACEY URNER, individually and as husband and wife,<br><br>             Plaintiffs,<br><br>    v.<br><br>JP MORGAN CHASE BANK N.A., a foreign corporation, QUALITY LOAN SERVICE CORPORATION OF WASHINGTON, as successor trustee thereof; SELECT PORTFOLIO SERVICING INC., a foreign corporation, and all persons claiming any interest in the property described in the Deed of Trust or in the Obligation secured thereby, DOES 1-50, inclusive,<br><br>             Defendants. | CASE NO. 14-5607 RJB<br><br>ORDER ON MOTION TO AMEND AND MOTION TO DISMISS DEFENDANT SELECT PORTFOLIO SERVICING, INC. |

11

12

13

14

15

16

17

18

19

20

21

     This matter comes before the Court on Plaintiffs' Third Motion for Leave to Amend

22

Complaint (Dkt. 61) and Defendant Select Portfolio Servicing, Inc.'s ("SPS") Motion to Dismiss

23

24

ORDER ON MOTION TO AMEND AND MOTION
TO DISMISS DEFENDANT SELECT PORTFOLIO
SERVICING, INC.- 1

1   (Dkt. 56).  The Court has considered the pleadings filed in support of and in opposition to the

2   motions and the file herein.

3       This cases arises from a mortgage Plaintiffs took out on real property located in Gig

4   Harbor, Washington and their various attempts at getting a loan modification.  Dkts. 1.

5   Defendant SPS now moves for dismissal of the claims against it pursuant to Fed. R. Civ. P.

6   12(b)(6).  Dkt. 56.  Plaintiffs move to amend their complaint.  Dkt. 61.

7       For the reasons set forth below, the motion to amend (Dkt. 61) should be granted and the

8   motion to dismiss (Dkt. 56) should be denied.

9                                    **I.      FACTS**

10      **A.  PROCEDURAL HISTORY**

11      This case was originally filed on July 28, 2014.  Dkt. 1.  On August 20, 2014, Quality

12  Loan Services Corp. of Washington ("Quality") moved to dismiss the Complaint for failure to

13  state a claim.  Dkt. 14.  Plaintiffs responded, and moved to amend their Complaint.  Dkts. 15 and

14  18.  Plaintiffs' motion to amend was granted (Dkt. 23) and Plaintiffs filed an Amended

15  Complaint (Dkt. 26).  Quality's Second Motion to Dismiss was granted on October 30, 2014, and

16  Plaintiffs were given another opportunity to file a motion to amend the Amended Complaint, if

17  they wished. Dkt. 33.  Plaintiffs responded, the motion to amend was denied as to Quality, but

18  granted as to the other Defendants.  Dkt. 45, at 9.  Plaintiff filed their Second Amended

19  Complaint on March 6, 2015.  Dkt. 54.

20      **B.  FACTS ABOUT SPS ALLEGED IN SECOND AMENDED COMPLAINT AND
          THE MOTION TO DISMISS SPS**

21

22      In regard to SPS, the Second Amended Complaint alleged that:

23      SPS is a foreign corporation doing business in Pierce County, Washington, with
        continuous, systematic contacts in and with the State of Washington, and
        specifically here, as the Beneficiary's authorized agent servicing the mortgage

24

ORDER ON MOTION TO AMEND AND MOTION
TO DISMISS DEFENDANT SELECT PORTFOLIO
SERVICING, INC.- 2

loan secured by the property at issue in this action. SPS appears on plaintiff
Johnson's credit report as having reported the default and foreclosure.

Dkt. 54, at 2.  No further allegations against SPS were made in the Second Amended Complaint.

Defendant SPS moved to dismiss the claims against it pursuant to Fed. R. Civ. P. 12

(b)(6), arguing that Plaintiffs have not pled sufficient facts to state a claim against them.  Dkt. 56.

Plaintiffs did not directly dispute that the Second Amended Complaint failed to state a claim for

relief against Defendant SPS.  Dkt. 57.  Instead, Plaintiffs moved the Court for leave to amend

their Second Amended Complaint.  *Id.*  Plaintiffs argued that they have finally received a

modification on their loan, but since then, SPS has violated TILA, RESPA, and other statutes.

*Id.*  Plaintiffs did not include a proposed Third Amended Complaint for the Court to review.

Accordingly, the Court renoted the motion to dismiss, and ordered the Plaintiffs to file a copy

of their proposed Third Amended Complaint.  Dkt. 60.  Plaintiffs filed the instant Third Motion

for Leave to Amend Complaint (Dkt. 61), and included their proposed Third Amended

Complaint (Dkt. 60-1).  SPS's motion to dismiss and Plaintiffs' motion to amend are now ripe

for review.

## C. FACTS ALLEGED ABOUT SPS ALLEGED IN THE PROPOSED THIRD AMENDED COMPLAINT

The proposed Third Amended Complaint alleges that:

SPS is a foreign corporation doing business in Pierce County, Washington, with
continuous, systematic contacts in and with the State of Washington, and
specifically here, as the Beneficiary's authorized agent servicing the mortgage
loan secured by the property at issue in this action. SPS appears on plaintiff
Johnson's credit report as having reported the default and foreclosure.

Dkt. 61-1.  It alleges that SPS was a service provider to JPMorgan Chase Bank N.A. as defined

by § 1002(26) of the Dodd-Frank Act.  *Id.*  The proposed Third Amended Complaint asserts that

SPS began servicing the file on August 1, 2013.  *Id.*  It alleges that "[i]nstead of addressing the

1   'bait and switch' issues with the modification . . . SPS continued to negatively report plaintiffs'

2   credit to credit bureaus." *Id.* It maintains that on January 7, 2015, Plaintiffs signed a mortgage

3   loan modification agreement with SPS, and have been making timely payments since. *Id.*

4   Plaintiffs assert that SPS received Plaintiff's first payment under the modification on February 5,

5   2015, but failed to post the payment until February 24, 2015. *Id.* It then failed to "remove its

6   negative reporting in connection with plaintiffs in the three months since plaintiffs signed the

7   modification agreement." *Id.* The proposed Third Amended Complaint alleges that SPS

8   statements do not match when the payments are received, and that SPS is not correctly applying

9   payments in accord with the Deed of Trust. *Id.* The proposed Third Amended Complaint argues

10  that in delaying crediting Plaintiffs' timely payments "and falsely maintain a delinquency as

11  'Past Due 180 Days' even after modification of the loan, SPS predestines the modification's

12  deferred balance forgiveness clause to fail rendering the stated principal forgiveness impossible

13  to achieve." *Id.*

14        Plaintiffs make claims against Defendants Chase and SPS for: 1) the breach of the

15  implied duty of good faith and fair dealing, 2) negligence and wrongful foreclosure, 3) violation

16  of the Washington Consumer Protection Act violations RCW 19.86, *et. seq.*, 4) violation of the

17  Washington Collection Agency Act, RCW 19.16.250, *et. seq.*, 5) violation of the Washington

18  Consumer Loan Act, RCW 31.04, *et. seq.*, 6) violation of the Washington Lending and

19  Homeownership Act, RCW 19.144.080, 7) violation of the Real Estate Settlement Procedures

20  Act, 12 U.S.C. § 2601, *et seq.*, 8) violation of the Truth-in-Lending Act, 12 U.S.C. § 1635, *et*

21  *seq.*, and 9) violation of the Equal Credit Opportunity Act, 15 U.S.C. § 1691, *et seq.* Dkt. 61-1.

22  Plaintiffs seek damages, costs, attorneys' fees and other statutory relief. Dkt. 61-1.

23        Trial is set to begin on September 28, 2015. Dkt. 53.

24

ORDER ON MOTION TO AMEND AND MOTION
TO DISMISS DEFENDANT SELECT PORTFOLIO
SERVICING, INC.- 4

1

## II.   <u>DISCUSSION</u>

2

### A.  PLAINTIFFS' MOTION TO AMEND

3

Fed. R. Civ. P. 15(a)(2), provides that, "a party may amend its pleading only with the

4

opposing party's written consent or the court's leave. The court should freely give leave when

5

justice so requires."  A motion to amend under Rule 15(a)(2), "generally shall be denied only

6

upon showing of bad faith, undue delay, futility, or undue prejudice to the opposing party."

7

*Chudacoff v. University Medical Center of Southern Nevada,* 649 F.3d 1143, (9th Cir. 2011).

8

Rule 15(a) is designed "to facilitate decision on the merits, rather than on the pleadings or

9

technicalities." *Id.*

10

Plaintiff's Third Motion for Leave to Amend Complaint (Dkt. 61) should be granted.

11

There is no showing of bad faith, undue delay, or futility.  Defendant Chase argues that

12

Plaintiff's motion should be denied as to paragraph 91 of the proposed Third Amended

13

Complaint because it  would be unduly prejudiced.  Dkt. 64.  That paragraph provides:

14

15

> The [Washington Consumer Loan Act] applies to Defendant Chase and SPS's
> conduct with respect to Plaintiffs' residential mortgage loan because Defendant
> Chase is responsible for supervising SPS who was and is the loan servicer and/or
> serviced the loan.

16

17

Dkt. 61-1.  Chase argues that this proposed amendment appears to allege that Chase "could be

18

held vicariously liable for the alleged conduct of SPS, which has not been previously plead or

19

argued." Dkt. 64, at 4.  It argues that the discovery cut off was June 1, 2015, and it is now

20

precluded from investigating Plaintiff's new theory of liability.  Chase has not shown that it

21

would be so prejudiced that Plaintiff's motion should be denied.  Plaintiffs should be ordered to

22

file their Third Amended Complaint on or before June 19, 2015.

23

### B.  STANDARD FOR MOTION TO DISMISS

24

1   Fed. R. Civ. P. 12(b) motions to dismiss may be based on either the lack of a cognizable legal

2   theory or the absence of sufficient facts alleged under a cognizable legal theory.  *Balistreri v.*

3   *Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).  Material allegations are taken as

4   admitted and the complaint is construed in the plaintiff's favor.  *Keniston v. Roberts*, 717 F.2d

5   1295 (9th Cir. 1983).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not

6   need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement

7   to relief requires more than labels and conclusions, and a formulaic recitation of the elements of

8   a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65

9   (2007)(*internal citations omitted*).  "Factual allegations must be enough to raise a right to relief

10  above the speculative level, on the assumption that all the allegations in the complaint are true

11  (even if doubtful in fact)."  *Id*. at 1965.  Plaintiffs must allege "enough facts to state a claim to

12  relief that is plausible on its face."  *Id*. at 1974.

13  **C.  DEFENDANT SPS'S MOTION TO DISMISS**

14      Defendant SPS concedes that if the Court grants the Plaintiffs' Third Motion for Leave to

15  Amend Complaint, then its Motion to Dismiss Second Amended Complaint (Dkt. 56) is moot.

16  Dkt. 63.  It notifies the Court that intends to promptly file a motion for summary judgment on all

17  claims asserted against it.  *Id.*

18                              **III.    ORDER**

19      Therefore, it is hereby **ORDERED** that:

20      • Plaintiffs' Third Motion for Leave to Amend Complaint (Dkt. 61) **IS**

21          **GRANTED**;

22      • Plaintiffs shall file their Third Amended Complaint on or before **June 19, 2015**;

23          and

24

ORDER ON MOTION TO AMEND AND MOTION
TO DISMISS DEFENDANT SELECT PORTFOLIO
SERVICING, INC.- 6

1      •   Defendant Select Portfolio Servicing, Inc.'s ("SPS") Motion to Dismiss (Dkt. 56)

2      **IS DENIED AS MOOT.**

3      The Clerk is directed to send uncertified copies of this Order to all counsel of record and

4 to any party appearing *pro se* at said party's last known address.

5      Dated this 2nd day of June, 2015.

6

7

8      ROBERT J. BRYAN
     United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER ON MOTION TO AMEND AND MOTION
TO DISMISS DEFENDANT SELECT PORTFOLIO
SERVICING, INC.- 7